UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAJUAN HAYES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:05CV2064 CDP |
|  | ) |  |
| JAMES PURKETT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

Peititioner LaJuan Hayes is currently incarcerated at the Eastern Reception and Diagnostic Center under the sentence of the Circuit Court of St. Louis, County, Missouri. Hayes was convicted by a jury on one count of assault in the first degree and one count of armed criminal action. The court sentenced him to concurrent terms of thirty years and five years in the custody of the Missouri Department of Corrections. Hayes raises two grounds in his request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I will deny his petition for writ of habeas corpus because he failed to raise these claims in state court.

## I. Procedural Background

Hayes appealed his assault and armed criminal action conviction, raising the following grounds before the Missouri Court of Appeals: (1) the trial court erred in not *sua sponte* instructing the jury on the lesser included offense of second

degree assault patterned after MAI-CR3d 319.04 and (2) the trial court erred in giving the first degree assault instruction without the sudden passion paragraph. On May 27, 2003, the Missouri Court of Appeals affirmed Hayes's conviction.

On August 4, 2003, Hayes filed a motion for post-conviction relief under Missouri Supreme Court 29.15. His claims included: (1) the charging instrument was fatally defective, (2) jury instructions were improper, and (3) his trail counsel was ineffective because he failed to object to the state's motion to amend the information by interlineation, failed to object to the charging instrument, and failed to request or argue for an instruction regarding the lesser included offense of assault in the second degree. The court denied this motion without an evidentiary hearing. Hayes appealed, and the denial was affirmed.

Hayes, in a *pro se* petition, now seeks federal habeas corpus relief, asserting the following grounds for relief:

(1) the trial court erred in accepting the state's preemptory strike of venireperson Thomas Ross; and

(2) the trial court erred in striking venireperson Debra Johnson for cause.

**II.** **Procedural Bar**

A federal habeas petitioner must fairly present his federal claims to the state courts before he is entitled to federal habeas relief. Abdullah v. Groose, 75 F.3d

408, 411 (8th Cir. 1996) (en banc). To avoid procedural default, the petitioner must have presented his claims at each step of the judicial process in state court. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Under 28 U.S.C. § 2254(c), an "applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by an available procedure, the question presented."

The court "will not review a procedurally defaulted habeas claim because the state has been deprived of an opportunity to address the claim in the first instance." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999). To fairly present a federal claim, the petitioner must present the same facts and legal theories to the state courts and the federal court. Id.

Respondent contends that Hayes' claims are procedurally barred from review by this Court in that he failed to raise them either on direct appeal or in a timely-filed motion for post-conviction relief. Hayes asserts that the reason he did not raise these claim earlier was ineffective assistance of counsel, but he does not raise a separate claim of ineffective assistance of counsel.

This Court cannot address the merits of defaulted claims unless the petitioner can demonstrate either cause and actual prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v.

Thompson, 501 U.S. 722, 750 (1991); Abdullah, 75 F.3d at 411.  Hayes cannot rely upon an argument of ineffective assistance of counsel to establish adequate cause for the procedural default unless he raises that as an independent claim for relief.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  As a result, Hayes has not satisfied the cause and prejudice exception to the procedural bar.

Additionally, Hayes has not alleged facts to satisfy the "miscarriage of justice" exception.  To meet this exception, Hayes must present evidence of actual innocence.  To support such a claim, he must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  Watts v. Norris, 356 F.3d 937, 941 (8th Cir. 2004) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)).  Hayes does not argue that he meets this exception, and based upon an independent review of the record and after liberally construing his *pro se* habeas petition, I do not believe that Hayes can establish either exception.  I therefore will not consider Hayes's claims because he failed to raise them in state court.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of LaJuan Hayes for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#2] is denied.

**IT IS FURTHER ORDERED** that as Hayes has not made a substantial showing of the denial of a constitutional right, this Court will not issue a certificate of appealability.

A separate judgment in accordance with this memorandum and order is entered this same date.

                                                      _____
                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2007.